AUGUST GRILL, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7372.   Promulgated November 28, 1927.

*Joseph Kopelman, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

OPINION.

MORRIS: The petitioner seeks a paid-in surplus for depreciable assets which were paid in for stock in June, 1914, and asserts that respondent has erroneously computed its depreciation deductions.

Section 326 (a) (2) of the Revenue Act of 1918 provides:

That as used in this title the term "invested capital" for any year means  *  *  *:

\*           \*·           \*           \*           \*           \*           \*

(2) Actual cash value of tangible property, other than cash, bona fide paid in for stock or shares, at the time of such payment, but in no case to exceed the par value of the original stock or shares specifically issued therefor, unless the actual cash value of such tangible property at the time paid in is shown to the satisfaction of the Commissioner to have been clearly and substantially in excess of such par value, in which case such excess shall be treated as paid-in surplus:  *  *  *

Considerable difficulty has been encountered in the determination of the questions involved in this proceeding due to the fact that the only evidence of value presented as to some of the assets was the cost of reproduction new in June, 1914, the time such assets were acquired by the petitioner. Obviously such cost is not the equivalent of actual cash value or fair market value of a depreciable asset which has been in existence for a number of years, and when reduced by depreciation from date of acquisition, it is merely evidentiary, and not sufficient, in the absence of other evidence to overcome the *prima facie* correctness of the respondent's determination. See *Appeal of Rockford Malleable Iron Works*, 2 B. T. A. 817; *Appeal of Sphar Brick Co.*, 2 B. T. A. 946; *Appeal of McIntosh & Seymour Corporation*, 2 B. T. A. 953.

In the case of certain other assets acquired by the petitioner at the date of its incorporation, we have found their value at that time, but we have no evidence of the date of their acquisition by Grill,

from whom the petitioner received them, their condition or probable useful life in 1914. As the questions involved are the amount of depreciation to which the petitioner is entitled for the taxable years in question and the amount to be included in invested capital for these depreciable assets, the failure to adduce evidence on the above factors is fatal to the petitioner's contentions. Evidence of the probable useful life of similar assets is not sufficient when the date of the beginning of that life for the assets in question is unknown.

For the foregoing reasons we are unable to make any determination as to the invested capital or depreciation to which the petitioner may be entitled on the following assets: the two ice houses, the ice boat—upon which we found a value of $1,500 when turned in to the petitioner, the nine and six-room dwelling houses, the two barns, and the office building located in Brooklyn.

The evidence indicates, however, that as to certain of the assets, the respondent was clearly in error as to the amount of invested capital and depreciation allowed thereon for the taxable years in question. He computed invested capital of $10,500 and $10,100 on the depreciable assets and allowed depreciation at the rate of 10 per cent on said amounts. To the extent that the total of the following items exceeds the amounts allowed by the respondent, invested capital should be increased. Four ice boats which were constructed in 1895 had a value of $12,000 in June, 1914, when acquired by the petitioner. Their useful life was 30 years. Their depreciated value based on their June, 1914, value and remaining useful life from that date, should be included in invested capital and depreciation allowed for the years 1918 and 1919 on that basis. The depreciated value of the 8-room house, having a value in June, 1914, of $5,000 and a 60-year life from 1908, should be included in invested capital, said depreciated value being based on June, 1914, value and the remaining useful life from that date. Depreciation should be computed on that basis for the taxable years in question. Certain miscellaneous equipment, such as plows, saws, hooks, etc., having a value at date of acquisition of $1,000, and an ice bridge with hoist and motors located in Brooklyn and having a value of $1,000 were part of the assets acquired by the petitioner and, allowance being made for depreciation at an annual rate of 10 per cent, should be included in invested capital and depreciation allowed thereon for 1918 and 1919. Invested capital should be further increased by the additional amounts of $2,000, which was expended for the construction of a road which was on the property when acquired by the petitioner, and $8,260.49 for

the dredging of an artificial pond, which improvements were used during the taxable years and increased the value of the property at date of acquisition to that extent.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by Murdock and Siefkin.